FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 APR 19 P 1: 24

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MAIA T. SETTLE,<br>              Plaintiff<br>versus<br><br>VAN RU CREDIT CORPORATION<br>and VAN RU INTERNATIONAL, INC.<br><br>              Defendant | CIVIL ACTION<br><br>NO. 04-1106<br><br>SECTION<br><br>MAGISTRATE<br>SECT. L MAG. 2 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

NOW INTO COURT through undersigned counsel comes plaintiff, Maia T. Settle, who represents as follows:

1.

This is an action for a declaration that the debt collection practices described below violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692o (the "FDCPA"), which prohibits debt collectors from engaging in deceptive, abusive, and unfair debt collection practices; for damages; and for all other appropriate relief.

### Jurisdiction and Venue

2.

Jurisdiction arises under 28 U.S.C. § 1331, 28 U.S.C. §§ 2201 and 2202, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1337. Venue is proper in this district under 28 U.S.C. § 1391(b) because a significant portion of the events giving rise to this action occurred in this district.

Fee 150.
Process
X Dktd
___ CtRmDep
___ Doc. No.

## Parties

3.

Plaintiff Maia T. Settle is a natural person who is a "consumer" as defined at 15 U.S.C. 1692a(3).

4.

Defendant Van Ru Credit Corporation is a privately owned, for-profit Illinois business corporation with its principal place of business in Skokie, Illinois. (Referred to herein collectively with Van Ru International, Inc. as "Van Ru".)

5.

Defendant Van Ru International, Inc. is a privately owned, for-profit Illinois business corporation with its principal place of business in Skokie, Illinois.

6.

Van Ru is a "debt collector" as defined at 15 U.S.C. § 1692a(6). Van Ru regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. Van Ru uses the mails and other instrumentalities of interstate commerce in a business the principal purpose of which is the collection of debts.

## STATEMENT OF FACTS

7.

In early 2003 one of the Van Ru corporations contacted plaintiff in an attempt to collect delinquent student loans that she owed. Plaintiff subsequently qualified for a loan rehabilitation agreement (an "Agreement") sponsored by the U.S. Department of Education. The Agreement provides that if a borrower makes 12 consecutive monthly

payments, the delinquent loan(s) will be rehabilitated and the borrower regains all benefits of the student loan program, including any remaining deferment elegibility.

8.

The Agreement also requires that, for a loan to be considered rehabilitated, the payments made by the borrower must be received within 15 days of the scheduled due date, for 12 consecutive months.

9.

Van Ru was the private collection agency contracted by the U.S. Department of Education to collect and process payments made by plaintiff pursuant to the Agreement.

10.

Shortly after plaintiff started making payments under the Agreement, Van Ru began sending her monthly letters stating in relevant part:

**REMEMBER**

IF ANY PAYMENT IS MISSED, **OR A CHECK BOUNCES FOR ANY REASON,** YOU ARE NO LONGER IN THE LOAN REHABILITATION PROGRAM AND MUST START OVER!   (Emphasis added.)

11.

The above quoted language is false. The Agreement with the U.S. Department of Education does not provide that a borrower will automatically be disqualified from the loan rehabilitation program if "a check bounces for any reason." Rather, the requirement of the loan rehabilitation Agreement is that each monthly payment be received within 15 days of the scheduled due date.

12.

The quoted language, in addition to being literally false, is misleading and may cause borrowers to drop out of the program unnecessarily, believing they are disqualified. For example, a check may bounce but the borrower would become aware of the bad check in time to send a substitute payment within the 15-day window allowed under the Agreement.

13.

Under the loan rehabilitation program, Van Ru is entitled to collection fees of up to 18.5 percent of the unpaid principal and accrued interest owed by borrowers. It is believed that Van Ru included the above-quoted language in a misguided attempt to minimize the number of returned checks and maximize its revenues.

## **FDCPA VIOLATIONS**

14.

By sending collection letters to plaintiff with the above-quoted language, Van Ru violated the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692e. That section prohibits a debt collector from, inter alia, using any false or deceptive means in collecting or attempting to collect a debt.

15.

Plaintiff herein requests a declaration under 28 U.S.C. §§ 2201-2202 that the above-quoted language violates the FDCPA.

16.

Plaintiff is entitled under 15 U.S.C. § 1692e of the FDCPA to an award of damages, reasonable attorney fees, and costs.

WHERFORE, plaintiff requests a judgment be entered in her favor and against the defendant, for declaratory and appropriate further relief, damages, interest, attorney fees, costs and expenses, and all other relief available in law, equity, or as the nature of the case may allow.

Respectfully submitted,

*[signature]*

STEVE R. CONLEY   #21246
3350 Ridgelake, Suite 200
Metairie, LA   70002
(504) 734-9804   FAX(504) 733-1744

*Longarm service, certified copies requested (2)*